■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PORFIRIO SANTIAGO, Also Known as GERMAN ARIAS, Appellant. [993 NYS2d 634]—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 9, 2011, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him to a term of 30 days, unanimously affirmed.

Since defendant did not move to withdraw his plea, there was nothing to require the court to conduct a sua sponte inquiry into whether the plea's voluntariness had been impaired by inadequate advice by counsel concerning its deportation consequences. At sentencing, defense counsel indicated that there was an issue under *Padilla v Kentucky* (559 US 356 [2010]), but expressly stated that this issue would be the subject of "another motion for another proceeding." Accordingly, there was no challenge to the voluntariness of the plea, and no application for the court to rule upon. In any event, we note that the plea was taken in 1987, and that sentencing was delayed for over 24 years because of defendant's failure to appear. There is nothing in the record to suggest that the plea was involuntary, or that defendant has a valid *Padilla* claim. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIELE DEVOSA, Appellant. [993 NYS2d 633]—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered on or about January 8, 2013, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.